IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| BOOKER T. FLOWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| CITY OF CHICAGO d/b/a CHICAGO DEPARTMENT OF AVIATION and TEAMSTERS LOCAL 700, | ) ) ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

NOW COMES, the Plaintiff, BOOKER T. FLOWERS, by and through his attorneys, Anthony J. Peraica & Associates, Ltd., complains against the City of Chicago d/b/a Chicago Department of Aviation and Teamsters Local 700 and alleges as follows:

PARTIES

1. Plaintiff, Booker T. Flowers, is an African-American male resident in the City of Chicago, County of Cook, State of Illinois.

2. Defendant City of Chicago is a municipal corporation organized under the laws of the State of Illinois, located in Cook County, Illinois.

3. Defendant City of Chicago operates Chicago Department of Aviation, which is responsible for the management, planning, design, operation and maintenance of the City of Chicago's airport system composed of Chicago O'Hare and Midway International.

4. Upon information and belief, the Chicago Department of Aviation employees in excess of 200 employees.

5. TEAMSTERS LOCAL 700 ("TEAMSTERS") is a labor organization who, at all

1

times relevant, was the exclusive representative of the bargaining unit which includes City of Chicago employees for the Department of Aviation.

6. Plaintiff was a member of TEAMSTERS. TEAMSTERS had a collective bargaining agreement with the City of Chicago Department of Aviation.

## JURISDICTION and VENUE

7. Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et. seq., as amended by the Civil Rights Act of 1991, and the American's with Disabilities Act. The Court has federal jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343(a)(4).

8. The Parties and events giving rise to the Plaintiff's claims occurred within this district and venue is therefore proper pursuant to 28 U.S.C. §1391(b).

## FACTS

9. Plaintiff Flowers has been employed by the Defendant City of Chicago in various departments since 2005.

10. In 2005, Plaintiff began his employment with the City of Chicago as a Pool Motor Truck Driver for the Department of Streets and Sanitation. He was assigned number 745, which was used in part for tracking seniority.

11. In 2007, Plaintiff was transferred to City of Chicago's Department of Aviation, where he worked as a driver for approximately a year.

12. In 2008, Plaintiff was transferred to City of Chicago's Department of Revenue[1],

---

[1] Upon information and belief, the Department of Revenue has had different names, including Department of Finance, when being restructured or reorganized over the years. For purposes of consistency in the complaint, Plaintiff will continuously refer it as the Department of Revenue.

where his job duties primarily consisted of booting vehicles. Plaintiff held this position until 2016.

13. As a booter for the City of Chicago, Plaintiff was sent into some rough neighborhoods at night to locate vehicles.

14. One evening, Plaintiff was approached and held at knife point when attempting to boot a vehicle.

15. Plaintiff developed post-traumatic stress disorder as a result of a knife being held to his throat during the course of his employment.

16. The City of Chicago Department of Revenue switched the Plaintiff to work day time hours after the occurrence.

17. Plaintiff became a career service employee as a result of his time employed by the City of Chicago.

18. On or about April 11, 2014, the City of Chicago agreed to accommodate the Plaintiff through reassignment to a vacant position that is "equivalent to or lower rated than your current position."

19. In 2016, Plaintiff was reassigned to a Pool Motor Truck Driver position, with the Department of Aviation, under the same number he had previously, #745.

20. On or around June 14, 2017, Plaintiff was informed that his Pool #745 had been retired because of a "break in service" when he became a booter and that he was assigned a new Pool #1510.05.

21. Upon receipt of the new Pool #1510.05, Plaintiff was laid off.

22. The Defendants failed to recognize that there was no break in service of the Plaintiff's employment and failed to recognize Plaintiff having reached career service status.

23. Plaintiff asked his Union, Teamster Local 700 to assist in fixing the situation.

24. Teamsters Local 700 failed to take any steps to rectify the situation.

25. Plaintiff now with a Pool #1510.05 was brought back for employment for a short time frame at the Department of Aviation and then on March 19, 2018 was notified that effective March 31, 2018 at close of business, he would be laid off and placed in the pool as eligible for re-assignment to another City department.

26. Upon information and belief, plaintiff remains laid off despite other drivers from the Pool, with less seniority, having been re-hired.

27. On July 19, 2018, Plaintiff filed Charges of Discrimination with the Illinois Department of Human Rights based on race and disability against both Defendant City of Chicago Department of Aviation and Defendant Teamsters Local 700. Exhibit A and B respectively.

28. On July 20, 2018, the EEOC mailed its Notice of Right to Sue on the claims against the City of Chicago. Exhibit C.

29. On July 25, 2018, the EEOC mailed its Notice of Right to Sue on the claims against Teamsters Local 700. Exhibit D.

COUNT I: DISCRIMINATION BASED ON RACE (TITLE VII, 42 U.S.C. §2000e)

30. Plaintiff repeats and re-alleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is African-American and, as such, is a member of a protected class under Title VII.

32. Defendant City of Chicago's harassment, changing of his Pool status, failing to

recognize the Plaintiff as a career service employee, and failing to re-hire him from the lay off list, in conjunction with the Defendant Teamster's failure to enforce the CBA and grieve plaintiff's claims, create a hostile working environment for the Plaintiff.

33. Upon information and belief, Plaintiff's complaints to his supervisors and union representatives of the mistreatment and harassment have not been acted upon.

34. As a result of the unlawful and discriminatory actions of the Defendants, plaintiff has been harmed financially and emotionally.

WHEREFORE, Plaintiff prays that this Honorable Court grant judgment in his favor and against the Defendants and grant the following relief:

A. Enter a declaratory judgment that the practices complained of are unlawful and in violation of Title VII, 42 U.S.C. §2000e.

B. Permanently enjoin the City of Chicago and Teamsters, their agents, successors, officers, employees, attorneys, and those acting in concert with them from engaging in harassment of Plaintiff based on his race and from continuing the actions shown to be in violation of the law.

C. Sufficient compensation to compensate the Plaintiff for his losses.

D. Plaintiff's costs and disbursements of this action.

E. Reasonable attorneys' fees; and

F. Such other relief as may be just and proper.

## COUNT II: DISCRIMINATION BASED ON RACE 42 U.S.C. §1981

35. Plaintiff repeats and re-alleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is African American, and as such is a member of a protected class under 42

U.S.C. §1981.

37. Defendants harassment of Plaintiff based on his race created a hostile working environment for Plaintiff.

38. Upon information and belief, Plaintiff's complaints to his supervisors and union representatives of the mistreatment and harassment have not been acted upon.

39. The harassment was willful and intentional, and created an intimidating, hostile and offensive working environment for Plaintiff.

40. As a result of the unlawful and discriminatory actions of the Defendants, plaintiff has been harmed financially and emotionally.

WHEREFORE, Plaintiff prays that this Honorable Court grant judgment in his favor and against the Defendants and grant the following relief:

A. Enter a declaratory judgment that the practices complained of are unlawful and in violation of Title VII, 42 U.S.C. §2000e.

B. Permanently enjoin the City of Chicago and Teamsters, their agents, successors, officers, employees, attorneys, and those acting in concert with them from engaging in harassment of Plaintiff based on his race and from continuing the actions shown to be in violation of the law.

C. Sufficient compensation to compensate the Plaintiff for his losses.

D. Plaintiff's costs and disbursements of this action.

E. Reasonable attorneys' fees; and

F. Such other relief as may be just and proper.

COUNT III: VIOLATION OF ADA (Discrimination Based Upon Disability)

41. Plaintiff repeats and re-alleges paragraphs 1 through 40 as though fully set forth

herein.

42. Plaintiff has suffered post-traumatic stress disorder (PTSD), which substantially limits his major life activities.

43. Upon information and belief, Plaintiff's medical condition is considered a disability under the Americans with Disabilities Act and subsequent amendments.

44. Plaintiff has a history of PTSD during his employment with the Defendant City of Chicago.

45. Plaintiff's impairment is not minor or transitory.

46. Upon information and belief, Plaintiff advised his supervisors, union representatives and the Defendants of his disability and request for accommodation.

47. Plaintiff would be able to work with reasonable accommodations, that he not be a booter.

48. Plaintiff suffered adverse employment decisions—including denial of his career service status, denial of consistent work, and lower pay—because of his disability.

49. Based on information and belief, Plaintiff was wrongfully discriminated against and laid off due to his disability.

50. Based on information and belief, Plaintiff's employment downgrade and lay off are the result of discrimination based on Defendants' failure to provide proper accommodations, in violation of the ADA.

51. Based on information and belief, the actions taken against the Plaintiff constitute and are the result of discrimination based upon disability by the Defendants, in violation of the ADA.

52. Plaintiff has exhausted his administrative remedies by filing Charges of Discrimination, whereupon the EEOC issued right to sue letters.

53. As a direct and proximate result of the Defendants' actions, Plaintiff suffered severe financial damages, including but not limited to loss of wages, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, other compensatory damages, attorneys' fees, court costs, and other damages allowable under the ADA.

54. The Defendants' wrongful actions caused Plaintiff great mental anguish, humiliation, anxiety, and other emotional and psychological distress.

55. Plaintiff is entitled to the recovery of compensatory damages.

WHEREFORE, Plaintiff asks that judgment be entered against Defendants as follows:

A. Ordering the Defendants to provide Plaintiff a position with Defendants that is commensurate with his skills and experience and allows for an accommodation of his disability;

B. Ordering the Defendants to pay to Plaintiff damages for loss of wages, loss of benefits, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, and other compensatory damages resulting from Defendants' wrongful acts, along with interest;

C. Ordering the Defendants to pay to Plaintiff the compensatory damages incurred as a result of its wrongful acts;

D. Ordering the Defendants to pay to Plaintiff the attorneys' fees, court costs, and disbursements which Plaintiff has incurred and will incur as a result of Defendants' wrongful and willful conduct; and

E. Awarding to Plaintiff such other relief as this Court deems proper.

COUNT IV: BREACH OF DUTY OF FAIR REPRESENTATION BY TEAMSTERS

56. Plaintiff incorporates and re-alleges allegations 1 through 55 as if fully set forth herein.

57. TEAMSTERS was the exclusive representative of the bargaining unit of which Plaintiff was a member.

58. As the exclusive representative of Plaintiff's bargaining unit, TEAMSTERS had a duty to fairly represent him and other members of the bargaining unit in the grievance process.

59. In violation of its duty of fair representation, TEAMSTERS arbitrarily, with discriminatory intent, and in bad faith failed to grieve Plaintiff's employment downgrade to a seasonal position as oppose to a position for career service employees and failed to grieve Plaintiff's loss of seniority because of the Pool number change, and failed to adequately represent the Plaintiff in their "accommodation" of the Plaintiff.

60. As the actual and proximate result of the acts of Defendant TEAMSTERS, Plaintiff has been forced to litigate for reemployment, lost pay, lost benefits and humiliation, sever emotional distress and damage to his reputation.

WHEREFORE, Plaintiff, Booker T. Flowers, requests that judgment be entered against Defendant TEAMSTERS, as follows:

      a. Monetary damages to compensate Plaintiff for all lost salary and benefits from the time Defendant's improper conduct commenced to the time of the award, plus all accrued interest thereon;

      b. Order the Defendant to reinstate Plaintiff's employment with all benefits and seniority as if he did not have a break in his employment;

    c. Ordering the Defendant to pay Plaintiff general damages, including pain and suffering and emotional distress, in a sum to be ascertained at a trial of this matter;

    d. Order Defendant to pay Plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter;

    e. Order Defendant to pay to Plaintiff the attorneys' fees, court costs, and disbursements which Plaintiff has incurred; and

    **f.** Order such other and further relief as this Honorable Court may deem just and proper.

                                              Respectfully Submitted,

                                              Booker T. Flowers

                                              By: <u>s/ Anthony J. Peraica</u>

Anthony J. Peraica, ARDC NO.: 6186661
Anthony J. Peraica & Associates, Ltd.
Attorneys For Plaintiff
5130 South Archer Avenue
Chicago, Illinois 60632
773-735-1700